IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,         :
                            : Def. ID#s 1302010221 (R-1)
                            : & 1412017602 (R-2)

      v.                       :

                            :

RICHARD B. ROUNDTREE,      :

                            :

      Defendant.            :

Submitted: June 17, 2019
Decided: July 5, 2019

***Upon Defendant's Motion for Postconviction Relief***

**SUMMARILY DISMISSED**

## ORDER

Upon consideration of the Motions for Postconviction Relief ("PCR") filed by Defendant Richard Roundtree ("Defendant"); Rule 61 of the Superior Court Criminal Rules of Procedure ("Rule 61"); the facts, arguments, and legal authorities set forth by Defendant; statutory and decisional law; and the entire record in this case, the Court hereby finds as follows:

1. In June of 2013 Defendant was adjudged guilty, in Def. ID# 1302010221, of Drug Dealing Tier 2 plus an aggravating factor and sentenced to 15 years at supervision level 5, suspended after 1 year for decreasing levels of

supervision (the first case).

2. In connection with the first case Defendant was found in violation of the terms of his probation on two occasions, in November 2014 and 2015. As a result of the second violation Defendant was re-sentenced to 12 years supervision level 5, suspended after serving 3 years at supervision level 5 for decreasing levels of supervision.

3. In September of 2015 Defendant was adjudged guilty, in Def. ID# 1412017602, of a second set of offenses, committed while on probation (the second case). The second set of charges included possession of a firearm by a person prohibited, possession of ammunition by a person prohibited and Drug Dealing Tier 2. As to the weapons offense Defendant pled guilty to the ammunition and drug charge, and was sentenced to 8 years at supervision level 5 and declared a Habitual Offender pursuant to 11 *Del. C.* §4214 (a) as to the ammunition charge, and additional terms of supervision on the drug charges.

4. In June of 2016 Defendant filed a motion for postconviction relief as to the second case.[1] In his motion Defendant raised issues of ineffective assistance of counsel, that his plea was "cohoarsed" (*sic*), and that he was not a habitual criminal. The motion was summarily denied pursuant to Superior Court

---

[1] Defendant's filings at times used his case numbers interchangeably creating some confusion as to which case his motions were directed.

Criminal Rule 61(d)(5).*

5. In March 2018 Defendant filed motions for modification of sentences in both his cases. The motions were denied. In June of 2018 Defendant filed motions for relief in each case which were also denied. In March 2019 Defendant filed a Motion for Correction of Sentence in his first case which was denied.

6. Defendant now has filed motions for postconviction relief in both his cases. It is the second motion in the first case, but first motion in the second case.

7. The current PCR motions are identical and challenge the search and arrest which resulted in his violation of probation as well as claims of ineffective assistance of counsel.

8. Postconviction relief is a "collateral remedy which provides an avenue for upsetting judgments that have otherwise become final.[2]

9. To protect the finality of criminal convictions, the Court must consider the procedural requirements for relief set out under Rule 61(i) before adressing the merits of the motion.[3] Rule 61 (i)(1) bars a motion for postconviction

---

[2] *Flamer v. State*, 585 A.2d 736, 745 (Del. 1990)

[3] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)

* Docket Entry 85.

relief that is filed more than one year from a final judgment of conviction.[4] Rule 61(i)(2) bars successive motions for postconviction relief.[5] Rule 61(i)(3) bars relief if the postconviction motion includes claims that were not asserted in prior proceedings leading to the final judgment, unless the movant shows cause for relief from the procedural bars and prejudice from a violation of the movant's rights.[6] Finally, rule 61(i)(4) bars relief if the postconviction motion includes grounds for relief formerly adjudicated in any proceeding leading to the judgment of conviction, in an appeal, or in a postconviction proceeding.[7]

10. Regarding second postconviction in Def. ID# 1412017602 defendant failed to meet requisites of Rule 61(d)(2)(i) & (ii). Regarding Def. ID# 1302010221, defendant's motion is time-barred and pursuant to 61(i)(5), the bar is not overcome unless he meets the requirements of Rule 61(d)(2)(i) & (ii) which requires a showing of a strong inference of actual innocense, or violation of a new constitutional right made retroactive. He has not claimed either.

---

[4] Super. Ct. Crim. R. 61(i)(1)

[5] Super. Ct. Crim. R. 61(i)(2)

[6] Super. Ct. Crim. R. 61(i)(3)

[7] Super. Ct. Crim. R. 61(i)(4)

NOW THEREFORE, this 5th day of July, 2019, Defendant's Motion for Postconviction Relief is hereby SUMMARILY DISMISSED.

**IT IS SO ORDERED.**

Craig A. Karsnitz